Date Signed:
November 30, 2018



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

In re

Teresa Jean Moore,

           Debtor.

Case No.: 17-01311
Chapter 13

## ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED

Teresa Jean Moore has a long history of mostly unsuccessful bankruptcy filings stretching back to 1993. This history and other circumstances might support a finding of bad faith or other grounds for dismissal of this case. For the reasons that follow, I will require Ms. Moore to explain why I should not dismiss this case with prejudice (meaning that she may not discharge, in any future bankruptcy case, any debts that were or could have been scheduled in this case) and impose a five year bar on refiling any bankruptcy petition under any chapter in any United States court.

### Ms. Moore's Prior Bankruptcy Filings

Ms. Moore commenced this case by filing a chapter 13 bankruptcy petition on December 19, 2017. This is Ms. Moore's ninth bankruptcy filing during a twenty-five

year period, and her fifth during the last eleven years. All told, she has spent about twelve of the last twenty-five years under the protection of the bankruptcy court. All of her prior bankruptcy cases began under chapter 13 or chapter 11, but only one of them resulted in a confirmed, completed plan.

On October 12, 1993, Ms. Moore commenced her *first* bankruptcy case by filing a voluntary petition under chapter 13 in the United States Bankruptcy Court for the Northern District of California.[1] Only a few weeks later, Ms. Moore filed a motion to convert the case to chapter 7. The court granted the motion on November 26, 1993. Ms. Moore received a discharge on April 14, 1994.

On April 29, 1996, Ms. Moore commenced her *second* bankruptcy case by filing a voluntary petition under chapter 13 in the United States Bankruptcy Court for the Northern District of California.[2] Ms. Moore's chapter 13 plan was confirmed and completed. Ms. Moore received a discharge on August 22, 2001. This was Ms. Moore's only successful reorganization case.

On August 10, 2004, Ms. Moore commenced her *third* bankruptcy case by filing a voluntary petition under chapter 13 in the United States Bankruptcy Court for the Central District of California.[3] The court entered an order providing that, unless Ms. Moore paid $100,000 to the chapter 13 trustee, the case would be converted to chapter 7. Ms. Moore did not pay the funds and the case was converted to chapter 7

---

[1] Bankruptcy Case No. 93-47195 (Bankr. N.D. Cal.).

[2] Bankruptcy Case No. 96-53212 (Bankr. N.D. Cal.).

[3] Bankruptcy Case No. 04-15349 (Bankr. C.D. Cal.).

2

on January 5, 2007. Ms. Moore received a discharge on October 19, 2007.

On July 11, 2007, while her third case was still open, Ms. Moore commenced her *fourth* bankruptcy case by filing a voluntary petition under chapter 13 in the United States Bankruptcy Court for the Central District of California.[4] On September 5, 2007, the court dismissed the case because Ms. Moore still had a pending chapter 7 bankruptcy case.

On December 4, 2007, only six weeks after her third case was closed, Ms. Moore commenced her *fifth* bankruptcy case by filing a voluntary petition under chapter 13 in the United States Bankruptcy Court for the Central District of California.[5] On August 5, 2008, the case was dismissed because Ms. Moore was not eligible to be a debtor in chapter 13 and failed to file the required schedules and make required payments. The bankruptcy court barred Ms. Moore from filing another chapter 13 bankruptcy case for one year.

On March 18, 2010, Ms. Moore commenced her *sixth* bankruptcy case by filing a voluntary chapter 13 petition in the United States Bankruptcy Court for the District of Hawaii.[6] Ms. Moore later filed a motion to convert the case to chapter 11. The bankruptcy court denied Ms. Moore's motion and converted the case to chapter 7

---

[4] Bankruptcy Case No. 07-12387 (Bankr. C.D. Cal.).

[5] Bankruptcy Case No. 07-14758 (Bankr. C.D. Cal.).

[6] Bankruptcy Case No. 10-00771 (Bankr. D. Haw.).

U.S. Bankruptcy Court - Hawaii   #17-01311   Dkt # 175   Filed   11/30/18   Page 3 of 17

on March 29, 2011.[7] The case was closed on September 3, 2013. Ms. Moore did not receive a discharge because she had already received a discharge in her third case, less than eight years earlier.[8]

On May 29, 2014, Ms. Moore and her husband, Robert Garvin Moore, commenced a case (Ms. Moore's *seventh* bankruptcy case) by filing a voluntary chapter 11 petition in the United States Bankruptcy Court for the District of Nevada.[9] On May 18, 2015, creditor Association of Owners of Ala Wai Manson (the "Association"), filed a motion to dismiss the case. The bankruptcy court converted the case to chapter 7 on August 5, 2015.[10] The court found that cause existed for conversion because the Moores commenced it in bad faith (section 1112(b)(1)), and also due to continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (section 1112(b)(4)(A)).[11]

A month after the conversion, on September 24, 2015, the Association filed another motion to dismiss the case with prejudice and with an injunction against future filings. On November 20, 2015, the Nevada court dismissed their case with

---

[7] Ms. Moore presented three chapter 13 plans for confirmation. None of Ms. Moore's three plans was capable of confirmation.

[8] Bankruptcy Case No. 10-00771 (Bankr. D. Haw.)(Dkt. 341). *See* 11 U.S.C. §727(a)(8).

[9] Bankruptcy Case No. 14-13791 (Bankr. D. Nev.).

[10] During its oral ruling on the motion to dismiss, the bankruptcy court stated its concern that if the case was dismissed, the Moores would simply file for bankruptcy again, perhaps in a different jurisdiction. For this reason, the court found conversion to chapter 7 preferable to dismissal.

[11] Bankruptcy Case No. 14-13791 (Bankr. D. Nev.)(Dkt. 204).

4

prejudice and barred Mr. and Ms. Moore from filing any case in Nevada for a period of two years due to their bad faith and their unreasonable delay that was prejudicial to creditors.[12]

The court reasoned:

> The court therefore finds that cause does exist in the context of Section 707(a)(1), due to unreasonable delay by the debtors that is prejudicial to creditors. These creditors have been attempting to foreclose on their real estate collateral for years, and it is exactly the conduct of these debtors in what I will just call cahoots with other debtors in other jurisdictions to avoid foreclosure, to continue to live a luxury lifestyle without paying for it, and without paying the attendant costs to living in such quarters, and specifically the HOA fees due to the apartment of - - Apartments Owners of Ala Wai Mansion. So the Court does find that cause exists under Section 707(a)(1). The Court finds further that cause does exist under Section 707(a) for cause also as a result of the debtors' continuing bad faith in connection with these matters.[13]

On December 16, 2016, Ms. Moore commenced her *eighth* bankruptcy case by filing a voluntary chapter 13 petition in the United States Bankruptcy Court for the Northern District of California.[14] The case was dismissed on December 1, 2017. The court reasoned that Ms. Moore's failure to resolve objections to confirmation and to confirm a plan constituted "unreasonable delay by the debtor that is prejudicial to creditors."[15] The court also that noted Ms. Moore's many requests for extensions were part of a long pattern of delay.

---

[12] Bankruptcy Case No. 14-13791 (Bankr. D. Nev.)(Dkt. 283).

[13] Bankruptcy Case No. 14-13791 (Bankr. D. Nev.)(Dkt. 292 at 35-36).

[14] Bankruptcy Case No. 16-53510 (Bankr. N.D. Cal.).

[15] Bankruptcy Case No. 16-53510 (Bankr. N.D. Cal.)(Dkt. 181).

5

### Related Bankruptcy Cases

Ms. Moore has also been involved in other bankruptcy cases.

On May 22, 2009, Ms. Moore filed a chapter 7 involuntary petition against the estate of her late mother, Pacita Herschelman.[16] The United States Trustee filed a motion to dismiss the case on the ground that a deceased person or a deceased person's probate estate is not eligible to be a debtor. The court dismissed the case on August 31, 2009.

Ms. Moore's father, Eugene Francis Herschelman, filed four bankruptcy petitions during a two-year period from 2010 to 2012. Mr. Herschelman's cases basically filled the temporal gap between Ms. Moore's sixth and seventh cases, and were apparently intended to protect the same properties from foreclosure. All of Mr. Herschelman's bankruptcy cases began under chapter 13, but none of them was successful.

On October 19, 2010, Mr. Herschelman commenced his *first* bankruptcy case by filing a voluntary petition under chapter 13 in the United States Bankruptcy Court for the Northen District of California.[17] On December 27, 2010, the court dismissed the case due to Mr. Herschelman's failure to file the required documents.

Only few weeks later, on January 18, 2011, Mr. Herschelman commenced his *second* bankruptcy case by filing a voluntary petition under chapter 13 in the United

---

[16] *See In re Herschelman, Pacita, Inductivo, Estate*, 09-01150 (Bankr. D. Haw).

[17] Bankruptcy Case No. 10-72014 (Bankr. N.D. Cal.).

6

U.S. Bankruptcy Court - Hawaii   #17-01311   Dkt # 175   Filed   11/30/18   Page 6 of 17

States Bankruptcy Court for the Northern District of California.[18] On June 24, 2011, the court dismissed the case for failure to make plan payments.

A year later, on June 22, 2012, Mr. Herschelman commenced his *third* bankruptcy case by filing a voluntary petition under chapter 13 in the United States Bankruptcy Court for the Eastern District of California.[19] Only two months later, on August 23, 2012, the case was dismissed for (a) unreasonable delay by the debtor that was prejudicial to creditors; (b) for cause (his proposed chapter 13 plan was incomprehensible); and (c) failure to provide tax documents.

A few weeks after his third case was dismissed, on September 5, 2012, Mr. Herschelman commended his *fourth* bankruptcy case by filing a voluntary chapter 13 petition in the United States Bankruptcy Court in the District of Hawaii.[20] This case was dismissed on December 6, 2012, due to Mr. Herschelman's non-appearance at the meeting of creditors.

Russell Jack Grisham filed five bankruptcy petitions in the United States Bankruptcy Court for the District of Hawaii between 2010 and 2014.[21] In Mr. Grisham's 2013 bankruptcy filing, he claimed to be the sole owner of real property

---

[18] Bankruptcy Case No. 11-40523 (Bankr. N.D. Cal.).

[19] Bankruptcy Case No. 12-91746 (Bankr. E.D. Cal.).

[20] Bankruptcy Case No. 12-01775 (Bankr. D. Haw.).

[21] Bankruptcy Case Nos. 10-00284 (Bankr. D. Haw.)(chapter 7 in which Mr. Grisham received a discharge);11-00649 (Bankr. D. Haw.)(chapter 7 dismissed with 180-day bar to refiling for failure to file the required documents); 11-02924 (Bankr. D. Haw.)(chapter 13 dismissed after denying fifth amended plan); 13-00578 (Bankr. D. Haw.)(chapter 11 dismissed because the plan was not confirmable); 14-00500 (Bankr. D. Haw.)(chapter 13 dismissed with prejudice for bad faith filing).

7

located at 2026 Ala Wai Boulevard, PH-1 Honolulu (the "Penthouse"). In his 2014 bankruptcy filing, Mr. Grisham claimed he was 50% owner of the Penthouse but that he had not transferred any property within two years preceding the commencement of the case.

At the meeting of creditors held on May 28, 2014, Mr. Grisham testified that he transferred a one-half interest in the Penthouse to Mr. Moore (Ms. Moore's husband) in November 2013 in exchange for a promise of future consideration. Mr. Grisham stated that there was "an agreement between us that he is going to pay as we go forward on costs of the mortgage modification and other expenses related to the legal issues."

Mr. Grisham also testified that a $44,000 lien against the Penthouse in favor of Mr. Moore was for his legal assistance.

Mr. Grisham scheduled $2,500 monthly income as a "roommate lease" to the Pacita Herschelman Estate, and the "lease of PH 1" to Ms. Moore. Mr. Grisham testified that they had "an exchange agreement" with Ms. Moore and that Ms. Moore had a lease on Mr. Grisham's apartment and he had a lease on hers.[22]

The Moores failed to assist Mr. Grisham. The trustee moved to dismiss with prejudice Mr. Grisham's 2014 bankruptcy case and bar him from refiling under section 349(a) based on his bad faith. The court dismissed the case with prejudice and barred Mr. Grisham from refiling for a period of five years.[23]

---

[22] Ms. Moore has apparently made similar deals with others. *See Black v. HSBC Bank, USA N.A. (In re Black)*, 514 B.R. 605 (Bankr. E.D. Cal. 2014).

[23] Bankruptcy Case No. 14-00500 (Bankr. D. Haw.)(Dkt. 57).

8

U.S. Bankruptcy Court - Hawaii    #17-01311    Dkt # 175    Filed 11/30/18    Page 8 of 17

Paul Kim Reis filed a bankruptcy petition under chapter 13 in the United States Bankruptcy Court for the District of Hawaii in 2015. Mr. Reis filed his petition in order to halt a foreclosure by Flagstar Bank on a property located in Battle Ground, Washington.[24] The United States Trustee filed a motion to convert the case to chapter 7 under section 1307(a) based on (1) Mr. Reis' inability to confirm a plan; (2) Mr. Reis' concealment of his ownership interest in certain real property; and (3) Mr. Reis' failure to appear at the meeting of creditors.[25] The court granted the motion and the case was converted to chapter 7 on August 3, 2016.[26] The case was closed on August 13, 2018 without entry of discharge for Mr. Reis' failure to file a debtor education certificate.

Ms. Moore claims an interest in one of the Reis' properties and was apparently "helping" them seek a loan modification. According to Ms. Moore's schedules in this case, Ms. Moore claims a "50% owner interest by agreement" in the same Battle Ground property that Mr. Reis claimed he solely owned.[27]

**Multiple Bankruptcy Filings Involving the Same Properties**

Many of these bankruptcy filings involve the same properties. Both Mr. Herschelman and Ms. Moore have claimed (during the course of their separate bankruptcy proceedings) "legal or equitable" interests in at least two of the exact same

---

[24] *In re Paul Kim Reis*, Case No. 15-01333 (Bankr. D. Haw).

[25] Bankruptcy Case No. 15-01333 (Bankr. D. Haw.)(Dkt. 59).

[26] Bankruptcy Case No. 15-01333 (Bankr. D. Haw.)(Dkt. 107).

[27] Dkt. 16 at 13; Dkt. 113 at 6.

9

properties.[28]

The first such property is located at 343 Hobron Lane # 4404, Honolulu, Hawaii. Mr. Herschelman listed this property in his schedules every time he filed bankruptcy. Ms. Moore scheduled the same property in many of her filings.[29] This court granted *in rem* relief from stay with regard to this property during Mr. Herschelman's fourth bankruptcy case on November 29, 2012.[30] This court had previously granted relief from stay in connection to the same property during Ms. Moore's sixth bankruptcy case on October 7, 2010 and June 22, 2012, respectively.[31]

Second, the property located at 2016 Komo Mai Drive, Pearl City, Hawaii. Mr. Herschelman scheduled this property as an asset in all of his bankruptcy filings. Ms. Moore scheduled the same property in various filings.[32] She even listed it in this case.[33]

Ms. Moore has scheduled other properties multiple times. For example, the property located at 4251 Laurel Canyon Boulevard, Los Angeles, California. Ms. Moore listed it as an asset in her third bankruptcy case. Seven years later, in 2014, Ms. Moore listed the same asset in her schedules when she filed her seventh bankruptcy case in Nevada. Three years later, in 2017, she listed the same property in her

---

[28] Bankruptcy Case No. 12-01775 (Bankr. D. Haw.)(Dkt. 15).

[29] *See e.g.,* Bankruptcy Case No. 10-00771 (Bankr. D. Haw)(Dkt. 9 at 3).

[30] Bankruptcy Case No. 12-01775 (Bankr. D. Haw.)(Dkt. 108).

[31] *See* Bankruptcy Case No. 10-00771 (Bankr. D. Haw.)(Dkt. 119, 555).

[32] *See e.g.,* Bankruptcy Case Nos. 10-00771 (Bankr. D. Haw)(Dkt. 9 at 3); 14-1371 (Bankr. D. Nev)(Dkt. 17 at 2).

[33] Dkt. 16 at 3.

10

schedules when she filed the current case.[34]

The fact that many of these bankruptcy cases involve the same properties could support an inference that the multiple filings were part of a bad faith scheme to hinder and delay the enforcement of liens on those properties.

**Applicable Sections of the Bankruptcy Code**

Under section 105(a) of the Bankruptcy Code, the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision . . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

Section 1307(c) of the Bankruptcy Code provides that the court may dismiss a case for cause:

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause . . . .

Eleven grounds are enumerated in section 1307(a) that might constitute "cause" for dismissal.[35] This list is not exhaustive. Although not specifically listed, bad faith is

---

[34] Dkt. 16 at 4.

[35] The grounds enumerated are: (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees and charges required under chapter 123 of title 28; (3) failure to file a plan timely under section 1321 of this title; (4) failure to commence making timely payments under section 1326 of this title; (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan; (6) material default by the debtor with respect to a term of a confirmed plan; (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan; (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or

11

"cause" for dismissal under section 1307(c).[36]

To ascertain bad faith, the court must consider the totality of circumstances,[37] including the following factors:

> (1) whether the debtor misrepresented facts in the petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his chapter 13 petition or plan in an inequitable manner;
>
> (2) the debtor's history of filings and dismissals;
>
> (3) whether the debtor only intended to defeat state court litigation; and
>
> (4) whether egregious behavior is present.[38]

Under section 349(a), the court may dismiss a case either with or without prejudice:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.[39]

The phrase "[u]nless the court, for cause, orders otherwise" in section 349(a)

---

such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a); (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition. *See* 11 U.S.C. § 1307(c).

[36] *In re Leavitt,* 171 F.3d 1219, 1224 (9th Cir. 1999)(*citing In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994)).

[37] *Id.* at 1224.

[38] *Id.*

[39] *Id.* at 1223.

12

U.S. Bankruptcy Court - Hawaii    #17-01311    Dkt # 175    Filed 11/30/18    Page 12 of 17

authorizes the bankruptcy court to dismiss the case with prejudice.[40] A dismissal with prejudice bars further bankruptcy proceedings between the parties and is a complete adjudication of the issues.[41]

Bad faith is "cause" for a dismissal of chapter 13 case with prejudice under section 349(a).[42]

Section 349 gives the bankruptcy court authority to dismiss a bankruptcy case with a bar preventing a debtor from re-filing in cases of abuse. The length of the bar is a matter for the court's discretion.[43]

### Dismissal with Prejudice and Bar to Refiling

Application of the four factors listed above to the facts in this case might support a finding of bad faith.

*Unfair Manipulation of the Bankruptcy Code and Inequitable Conduct*

Ms. Moore has not utilized the Bankruptcy Code to confirm and complete a chapter 13 plan and reorganize her debts. Aside from her second bankruptcy case back in 2001, Ms. Moore has failed to proposed a confirmable chapter 13 plan. All of Ms. Moore's bankruptcy cases begin as chapter 13 or chapter 11. All of her cases filed in the last seventeen years have been converted, dismissed, or both. Ms. Moore has used

---

[40] *Id.* (*citing In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1197)).

[41] *Id.* at 1223-24.

[42] *Id.* at 1224; *In re Ballard*, 2003 WL 22945926, at *4 (Bankr. D. Haw. July 28, 2003).

[43] *In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007) (Three years should be sufficient for any creditors of the debtor to take whatever action they deem appropriate pursuant to state law).

13

the Bankruptcy Code to protect her assets without giving her creditors the benefits of a confirmed plan.

Ms. Moore has filed numerous bankruptcy petitions in different jurisdictions, requiring the creditors to litigate in distant and unexpected forums.

The timing of Ms. Moore's bankruptcy filings is troublesome. She has generally re-filed very soon after her most recent case was dismissed. As a result, Ms. Moore has blocked her creditors from enforcing their rights against her for decades.

For example, in 2007, the bankruptcy court for the Central District of California granted relief from stay in Ms. Moore's third bankruptcy case with regard to the property located at 4251 Laurel Canyon Boulevard, Los Angeles, California.[44] Seven years later, in 2014, Ms. Moore listed the same asset in her schedules when she filed her seventh bankruptcy case in Nevada. The bankruptcy court for the District of Nevada, again, granted relief from stay with respect to the interest of creditor in the same property.[45] This court, in the current case, recently granted relief from stay in connection with the same property.[46]

Other properties such as 343 Ricardo Drive, Aromas, California and 2016 Komo Mai Drive, Pearl City, Hawaii have also been the subject of Ms. Moore's

---

[44] Bankruptcy Case No. 04-15349 (Bankr. C.D. Cal.)(Dkt. 281).

[45] Bankruptcy Case No. 14-13791 (Bankr. D. Nev.)(Dkt. 276).

[46] Dkt. 165.

14

multiple bankruptcy filings.[47]

*Ms. Moore's History of Bankruptcy Filings and Dismissals*

The number of Ms. Moore's bankruptcy filings is alarming. This is her ninth bankruptcy during a twenty-five year period.

Further, Ms. Moore has also been involved in other bankruptcy cases. Her father, Mr. Herschelman, filed four bankruptcy petitions under chapter 13 during a two-year period, apparently to block a foreclosure on properties in which Ms. Moore also claims an interest. She went so far as to file an involuntary bankruptcy petition against the estate of her deceased mother.

Ms. Moore cannot claim a lack of experience or sophistication. She and her husband have apparently "helped" other debtors, such as Mr. Grisham and Mr. Reis, temporarily block foreclosures on their properties (and, in exchange for these "services," have taken interests in their properties). But Mr. Grisham and Mr. Reis were no more successful in bankruptcy than was Ms. Moore.

Ms. Moore's involvement in these other bankruptcy cases is relevant to the bad faith analysis. Bankruptcy courts consider the filings and acts of family members and other real property titleholders when determining bad faith of a debtor.[48]

---

[47] *See* Bankruptcy Case Nos. 10-00771 (Bankr. D. Haw.)(Dkt. 157, 508, 251); 14-13791 (Bankr. D. Nev.)(Dkt. 133); 16-53510 (Bankr. N.D. Cal.)(Dkt. 144, 118); Dkt. 67.

[48] *In re Craighead*, 377 B.R. 648, 655 (Bankr. N.D. Cal. 2007).

15

*Debtor's Intent to Defeat State Court Litigation*

Ms. Moore's bankruptcy filings and use of the automatic stay were apparently intended to defeat and delay foreclosure of her properties. For example, the Nevada court found that the Moores filed bankruptcy in an effort to defeat and delay their creditors's state law collection efforts.

*Egregious Behavior Might Be Present*

Ms. Moore's ninth bankruptcy case might be another attempt to delay and frustrate her creditors without any effort toward a successful reorganization.

Ms. Moore's schedules are questionable. Ms. Moore listed all of secured creditors' claim at $0.00. Ms. Moore might dispute all of them but she should have listed the full amount claimed by the creditor and checked the box on the schedule to indicate that the claim is disputed.

The age of Ms. Moore's bankruptcy case is concerning. Ms. Moore's current bankruptcy case is almost a year old. She filed her voluntary petition under chapter 13 on December 19, 2017. Ms. Moore filed her third amended plan on September 13, 2018. Her third amended plan is not close to be confirmable.

Ms. Moore has regularly asked this and other bankruptcy courts to extend deadlines for her to file additional documents. Ms. Moore's conduct delays the bankruptcy proceedings while frustrating her creditors's collection efforts.

## Conclusion

These circumstances might support a finding of cause for dismissal of this case with prejudice and with an extended bar against refiling. Ms. Moore should, however, be given an opportunity to explain why such an order would not be warranted.

Therefore, Ms. Moore is ORDERED to show cause why this bankruptcy case should not be dismissed with prejudice (meaning that she would not be entitled to a discharge of any debt that was or could have been scheduled in this case) and with a five year[49] bar on refiling any bankruptcy case under any chapter in any United States court. Ms. Moore's response will be timely if filed in writing by December 17, 2018. The court will decide the matter without further notice or a hearing. Failure to file a timely response will result in dismissal of the case without further notice or a hearing.

## END OF ORDER

---

[49] Five years is an unusually long duration for such a bar, but Ms. Moore is an unusually persistent debtor. Any shorter period might not permit secured creditors to enforce their rights before Ms. Moore refiles.