**Date Signed:
December 19, 2018**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>TERESA JEAN MOORE,<br><br>                    Debtor. | Case No.: 17-01311<br>Chapter 13<br><br>Related Dkt. No. 175 |

### ORDER DISMISSING CHAPTER 13 CASE
### WITH PREJUDICE AND FIVE YEAR BAR TO REFILING

On November 30, 2018, I entered an order requiring Teresa Jean Moore to explain why I should not dismiss this case ("OSC"). On December 17, 2018, Ms. Moore filed a response.[1]

For the reasons that follow, I will dismiss this case with prejudice (meaning that Ms. Moore may not discharge, in any future bankruptcy case, any debts that were or

---

[1] Dkt. 183.

could have been scheduled in this case) and enjoin Ms. Moore from filing any bankruptcy petition under any chapter in any United States bankruptcy court for five years from the entry of this order.

**Prior Bankruptcy Filings by Ms. Moore and Her Parents**

Ms. Moore commenced this case by filing a chapter 13 bankruptcy petition on December 19, 2017. This is Ms. Moore's ninth bankruptcy filing during a twenty-five year period, and her fifth during the last eleven years. All told, she has spent about twelve of the last twenty-five years, and ten of the last fourteen years, under the protection of the bankruptcy court. Her first two cases, commenced in the 1990s, were successful, but none of her subsequent cases resulted in a confirmed, completed plan or a discharge.

Ms. Moore, her husband (R. Moore), her late mother (P. Hershchelman), and her late father (E. Herschelman) have filed thirteen bankruptcy cases prior to this one:

| Case | Debtor | Chapter | Petition date | End date | Result |
| --- | --- | --- | --- | --- | --- |
| 93-47195 N.D. Cal. | T. Moore | 13 => 7 | 10/12/1993 | 4/14/1994 | Discharge entered |

| Case | Debtor | Chapter | Filed | Closed | Status |
|---|---|---|---|---|---|
| 96-53212 N.D. Cal. | T. Moore | 13 | 4/29/1996 | 8/22/2001 | Plan confirmed and completed, discharge entered |
| 04-15349 C.D. Cal. | T. Moore | 13 => 7 | 8/10/2004 | 10/19/2007 | Discharge entered |
| 07-12384 C.D. Cal | T. Moore | 13 | 7/11/2007 | 9/5/2007 | Case dismissed |
| 07-14758 C.D. Cal. | T. Moore | 13 | 12/4/2007 | 8/5/2008 | Case dismissed |
| 09-01150 D. Hawaii | Pacita Herschelman | Inv. 7 | 5/22/2009 | 8/31/2009 | Case dismissed |
| 10-00771 D. Haw. | T. Moore | 13 => 7 | 3/8/2010 | 9/3/2013 | Case closed, no discharge |
| 10-72014 N.D. Cal. | E. Herschelman | 13 | 10/19/2010 | 12/27/2010 | Case dismissed |
| 11-40523 N.D. Cal. | E. Herschelman | 13 | 1/18/2011 | 6/24/2011 | Case dismissed |
| 12-91746 E.D. Cal. | E. Herschelman | 13 | 6/22/2012 | 8/23/12 | Case dismissed |
| 12-01775 D. Haw | E. Herschelman | 13 | 9/5/2012 | 12/6/2012 | Case dismissed |
| 14-13791 D. Nev. | T. Moore & R. Moore | 11 => 7 | 5/29/2014 | 11/20/2015 | Case dismissed with prejudice |
| 16-53510 N.D. Cal. | T. Moore | 13 | 12/26/2016 | 12/1/2017 | Case dismissed |

Many of these bankruptcy filings involve the same properties. Both Mr.

3

U.S. Bankruptcy Court - Hawaii   #17-01311    Dkt # 184    Filed  12/19/18    Page 3 of 13

Herschelman and Ms. Moore have claimed (during the course of their separate bankruptcy proceedings) "legal or equitable" interests in at least two of the exact same properties: 343 Hobron Lane # 4404, Honolulu, Hawaii (the Windsor apartment), and 2016 Komo Mai Drive, Pearl City, Hawaii. Ms. Moore listed the property located at 4251 Laurel Canyon Boulevard, Los Angeles, California, as an asset in her third and seventh bankruptcy cases, as well as this case.[2]

Ms. Moore and her husband have also helped others, such as Russell Jack Grisham and Paul Kim Reis, use multiple bankruptcy filings to temporarily block foreclosures on their properties. In exchange, the Moores have taken interests in those debtors' properties. But Mr. Grisham and Mr. Reis were not successful in their bankruptcy proceedings. For instance, Mr. Grisham filed five bankruptcy petitions in the United States Bankruptcy Court for the District of Hawaii between 2010 and 2014. Four of Mr. Grisham's cases were dismissed.

Ms. Moore does not deny any of these historical facts.

### Applicable Sections of the Bankruptcy Code

Ms. Moore also does not dispute any of the applicable legal rules.

Under section 105(a) of the Bankruptcy Code, the court

> may issue any order, process, or judgment that is necessary or appropriate

---

[2] Dkt. 16 at 4.

to carry out the provisions of this title. No provision . . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Section 1307(c) provides that the court may dismiss a case for cause:

[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause . . . .

Eleven grounds are enumerated in section 1307(a) that might constitute "cause" for dismissal.[3] This list is not exhaustive. Although not specifically listed, bad faith is "cause" for dismissal under section 1307(c).[4]

---

[3] The grounds enumerated are: (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees and charges required under chapter 123 of title 28; (3) failure to file a plan timely under section 1321 of this title; (4) failure to commence making timely payments under section 1326 of this title; (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan; (6) material default by the debtor with respect to a term of a confirmed plan; (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan; (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a); (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition. *See* 11 U.S.C. § 1307(c).

[4] *Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219, 1224 (9th Cir. 1999) (*citing In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994)).

U.S. Bankruptcy Court - Hawaii   #17-01311   Dkt # 184   Filed   12/19/18   Page 5 of 13

To ascertain bad faith, the court must consider the totality of circumstances,[5] including the following factors:

> (1) whether the debtor misrepresented facts in the petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his chapter 13 petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;
>
> (3) whether the debtor only intended to defeat state court litigation; and
>
> (4) whether egregious behavior is present.[6]

Under section 349(a), the court may dismiss a case either with or without prejudice:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.[7]

The phrase "[u]nless the court, for cause, orders otherwise" in section 349(a) authorizes the bankruptcy court to dismiss the case with prejudice.[8] "A dismissal with prejudice bars further bankruptcy proceedings between the parties and is a complete

---

[5] *In re Leavitt*, 171 F.3d at 1224.

[6] *Id.* (citations, brackets, and quotation marks omitted).

[7] *Id.* at 1223.

[8] *Id.* (*citing In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1197)).

6

adjudication of the issues."[9] In effect, such a dismissal prevents the debtor from obtaining a discharge of the same debts in a future bankruptcy case.

Bad faith is "cause" for a dismissal of chapter 13 case with prejudice under section 349(a).[10]

Section 349 gives the bankruptcy court authority to dismiss a bankruptcy case with a bar preventing a debtor from refiling in cases of abuse. The length of the bar is a matter for the court's discretion.[11]

### Applying the Law to the Facts

The facts of this case overwhelmingly support a finding of bad faith.

#### Unfair Manipulation of the Bankruptcy Code and Inequitable Conduct

Ms. Moore has unfairly manipulated the Bankruptcy Code. Aside from her second bankruptcy case, which she filed in April 29, 1996, Ms. Moore has not utilized the Bankruptcy Code to confirm and complete a chapter 13 plan and reorganize her debts. All of her cases filed in the last seventeen years have been converted, dismissed, or both. In short, Ms. Moore has used the Bankruptcy Code to protect her assets without giving her creditors the benefits of a confirmed plan.

---

[9] *In re Leavitt*, 171 F.3d at 1223-24.

[10] *Id.* at 1224; *In re Ballard*, 2003 WL 22945926, at *4 (Bankr. D. Haw. July 28, 2003).

[11] *In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007) (imposing a three year bar because that should be enough time for creditors to take action under state law).

7

She has also chosen to file her numerous bankruptcy petitions in different jurisdictions. This has required the creditors to litigate in distant and unexpected forums.

The timing of Ms. Moore's bankruptcy filings also shows her manipulation of the bankruptcy process. She (or one of her parents) generally re-filed soon after the most recent case was dismissed. As a result, Ms. Moore has blocked her creditors from enforcing their rights against her for decades.

Ms. Moore's tactics have forced her creditors to file multiple motions for relief from the stay as to the same properties. For example, in 2007, the bankruptcy court for the Central District of California granted relief from stay in Ms. Moore's third bankruptcy case, with regard to the property located at 4251 Laurel Canyon Boulevard, Los Angeles, California.[12] Seven years later, in 2014, Ms. Moore listed the same asset in her schedules when she filed her seventh bankruptcy case in Nevada. The bankruptcy court for the District of Nevada, again, granted relief from stay with respect to the interest of creditor in the same property.[13] This court, in the current case, recently granted relief from stay in connection with the same property.[14]

---

[12] Bankruptcy Case No. 04-15349 (Bankr. C.D. Cal.) (Dkt. 281).

[13] Bankruptcy Case No. 14-13791 (Bankr. D. Nev.) (Dkt. 276).

[14] Dkt. 165.

8

<u>Ms. Moore's History of Bankruptcy Filings and Dismissals</u>

The sheer number of Ms. Moore's bankruptcy filings supports a finding of bad faith. This is her ninth bankruptcy case.

Further, Ms. Moore has also been involved in other bankruptcy cases. Her father, Mr. Herschelman, filed four bankruptcy petitions under chapter 13 during a two-year period, apparently to block a foreclosure on properties in which Ms. Moore also claims an interest. Ms. Moore went so far as to file an involuntary bankruptcy petition against the estate of her deceased mother.

Ms. Moore cannot claim a lack of experience or sophistication. She and her husband have apparently "helped" other debtors, such as Mr. Grisham and Mr. Reis, temporarily block foreclosures on their properties (and, in exchange for these "services," have taken interests in their properties). But Mr. Grisham and Mr. Reis were no more successful in bankruptcy than was Ms. Moore.

Ms. Moore's involvement in these other bankruptcy cases is relevant to the bad faith analysis. Bankruptcy courts consider the filings and acts of family members and other real property titleholders when determining bad faith of a debtor.[15]

<u>Ms. Moore's Intent to Defeat State Court Litigation</u>

Ms. Moore's bankruptcy filings and use of the automatic stay were intended to

---

[15] *In re Craighead*, 377 B.R. 648, 655 (Bankr. N.D. Cal. 2007).

9

U.S. Bankruptcy Court - Hawaii   #17-01311   Dkt # 184   Filed 12/19/18   Page 9 of 13

defeat and delay foreclosure of her properties. For example, the Nevada court found that the Moores filed bankruptcy in an effort to defeat and delay their creditors's state law collection efforts. Her repeated filings to protect the same properties make her intent clear.

*Egregious Behavior Is Present*

Ms. Moore's behavior has been egregious. The sheer number of cases she and her parents have filed is egregious in and of itself.

Further, Ms. Moore has filed false and misleading schedules. Ms. Moore listed all of secured creditors' claim at $0.00. Ms. Moore apparently disputes all of them, but if that is the case, she should have listed the full amount claimed by the creditor and checked the box on the schedule to indicate that the claim is disputed. She has filed objections to virtually all of the secured claims, and none of those objections has any apparent merit. She has claimed, in her schedules, ownership of properties that still belong to the probate estates of her late parents, in an improper effort to expand the scope of the automatic stay.

The age of this case also supports a finding of egregious behavior. Ms. Moore's current bankruptcy case is exactly a year old. She has filed four plans, none of which is close to confirmable. She has a pattern of dragging out her cases. She has regularly asked this and other bankruptcy courts to extend deadlines for her to file additional

10

U.S. Bankruptcy Court - Hawaii   #17-01311    Dkt # 184   Filed  12/19/18   Page 10 of 13

documents. Ms. Moore deliberately delays the bankruptcy proceedings in order to frustrate her creditors' collection efforts.

<u>Ms. Moore's Arguments</u>

Ms. Moore's justification for her conduct falls into three categories.

First, she alleges that the courts handling her multiple cases have committed misconduct. For instance, Ms. Moore states that, in her third case, "the court twisted the rules, forbid [her] to file an adversary/evidentiary hearing; denied [her] the opportunity to refinance with a partner to pay off all of the claims; and in conversion sold the property, paid off all parties, to include attorneys that represented the Trustees . . . ."[16] She claims, during her eighth bankruptcy case, that the court "granted every motion brought by attorneys, would not allow [her] to speak, ridiculed [her] in court, and provided no relief."[17]

Ms. Moore also alleges that this court committed misconduct during her sixth bankruptcy case. She claims that she was "denied an attorney; denied damages because I was too sick to attend a hearing and sanctioned by not allowing evidence at trial of my damages and required to represent [herself] in trial with 30 minutes of

---

[16] Dkt. 183 at 6.

[17] Dkt. 186 at 8-9.

preparation...."[18] The record of that case, over which I presided, disproves her allegations. She fails to point out that she appealed the judgment denying damages to the district court, and the district court affirmed.

And this illustrates the fundamental flaw of this argument. A party who believes that a court has erred or committed misconduct has appropriate remedies, such as an appeal. Filing a brand new bankruptcy case is not one of those remedies.

Second, Ms. Moore alleges that her creditors have committed fraud. She says that major mortgage lenders and servicers have been part of a massive foreclosure fraud perpetrated against the country.[19] She fails to point out, however, that she has attempted to litigate claims of this kind in various courts and has been unsuccessful.[20]

Third, Ms. Moore claims that the deaths of her parents and her health issues have made it difficult for her to litigate her cases.[21] Although I am sympathetic with Ms. Moore's situation, that does not give her a free pass. Significant numbers of debtors face similar, if not worse, challenges, without finding it necessary to file multiple, unsuccessful bankruptcy cases. Further, Ms. Moore does not suggest that her

---

[18] Dkt. 183 at 7.

[19] Dkt. 183 at 7.

[20] *See, e.g., Moore v. National City Mortgage Co.*, Case No. 1:09-cv-00461-DAE-KSC (D. Hawaii).

[21] Dkt. 183 at 8.

health has improved. There is no reason to think that she could be successful in this case despite her failure in prior cases.[22]

Conclusion

The record overwhelmingly establishes Ms. Moore's bad faith and justifies dismissal of this case with prejudice and with an extended bar against refiling.

Therefore,

IT IS HEREBY ORDERED that this bankruptcy case is dismissed with prejudice (meaning that Ms. Moore is not entitled to a discharge of any debt that was or could have been scheduled in this case in any future bankruptcy case) and with a five year[23] bar on refiling any bankruptcy case under any chapter in any United States bankruptcy court.

END OF ORDER

---

[22] Ms. Moore requests an evidentiary hearing on the OSC. I will deny this request. For purposes of this decision, I have assumed that all of Ms. Moore's factual assertions (other than her assertion of the ultimate fact that she has acted in good faith) are true. Ms. Moore does not identify any additional evidence that she would offer at an evidentiary hearing.

[23] Five years is an unusually long duration for such a bar, but Ms. Moore is an unusually persistent debtor. Any shorter period probably would not permit secured creditors to enforce their rights before Ms. Moore refiles.